IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARMA LETA PHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-0093-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
|   Acting Commissioner of the ) | |
|   Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. Section 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is reversed and remanded for further proceedings consistent with this opinion.

I. <u>Administrative History and Final Agency Decision</u>

Plaintiff filed an application for SSI on August 24, 2020, alleging disability since the same date. AR 12. The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.*

1

Plaintiff, appearing with counsel, and a vocational expert ("VE") testified at a telephonic administrative hearing conducted before an administrative law judge ("ALJ") on April 26, 2022. AR 30-55. On November 15, 2022, the ALJ issued a decision in which he found Plaintiff had not been disabled, as defined by the Social Security Act, since August 24, 2020, the application date. AR 9-25.

Following the agency's sequential evaluation procedure, the ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity from August 24, 2020, the application date. AR 14. At the second step, the ALJ found Plaintiff had the following severe impairments: "cervical radiculopathy, personality disorders; depressive, bipolar, and related disorders; anxiety and obsessive compulsive disorders; trauma and stressor related disorders; and [a] learning disorder." *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. *Id.*

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work except that she is limited to "simple and routine tasks and is able to sustain attention for 2 hour[] periods throughout the work day." AR 17. During the administrative hearing, the VE established that Plaintiff did not have any past relevant work. AR 23, 53. The ALJ then presented the RFC limitations to the VE to determine whether there were jobs in the national

economy Plaintiff could perform. AR 53-54. Given the limitations, the VE identified three jobs, routing clerk, marker, and collator operator, from the Dictionary of Occupational Titles ("DOT") that Plaintiff could perform. *Id.* The ALJ ultimately adopted the VE's testimony and concluded, at step five, that Plaintiff was not disabled based on her ability to perform the identified jobs. AR 24-25.

## II. Issues Raised

On appeal, Plaintiff raises three issues. First, Plaintiff contends the ALJ erred in his consideration of the medical opinions of record. Doc. No. 8 ("Op. Br.") at 5-9; Doc. No. 16 at 3-4, 6-8. Second, Plaintiff contends the jobs the ALJ relied upon at step five conflict with the RFC, and the ALJ failed to address this conflict. Op. Br. at 6-7; Doc. No. 16 at 5-8. Third, Plaintiff asserts the ALJ failed to properly consider the cumulative effects of Plaintiff's severe and non-severe impairments. Op. Br. at 10-15.

## III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion.'" *Biestek v. Berryhill*, 587 U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV. Medical Opinions

Plaintiff argues the ALJ erred in his consideration of the medical opinions of record. The medical opinions in the present case are primarily limited to those of the state agency psychological consultants. As noted by the ALJ, during the initial review of Plaintiff's disability application, Dr. Laura Eckert attempted to submit a medical opinion regarding Plaintiff's mental limitations. However, on November 24, 2020, Dr. Eckert explained that she was unable to do so because, in spite of reaching

out to Plaintiff several times, Plaintiff failed to return forms necessary for analysis. AR 23, 63-64.

Prior to reconsideration of Plaintiff's application, on June 3, 2021, Dr. Amal Chakraburtty performed a psychological consultative examination on Plaintiff. AR 441-43. Dr. Chakraburtty observed that Plaintiff "appeared to be less than a reliable historian, she was frequently pre-fixing her answers to my questions with 'may be', 'probably' and/or 'I don't remember,'" and described Plaintiff as evasive but cooperative throughout the examination. AR 441, 442. She diagnosed Plaintiff with the following mental impairments: Chronic Post Traumatic Stress Disorder ("PTSD"); Dysthymic Disorder; Mood Disorder due to physiological conditions; History of PTSD, Obsessive Compulsive Disorder, Learning Disorder, and Panic Disorder; Personality Disorder NOS with borderline, paranoid, dependent and avoidant features; Chronic Pain Syndrome; and multiple general health conditions. AR 443. Dr. Chakraburtty concluded that Plaintiff "display[ed] notable impairment in her concentration but otherwise was reasonably intact in other areas of her cognitive functions." *Id.* She further concluded Plaintiff should be able to manage her funds independently. *Id.*

On reconsideration, Dr. James Scott, reviewing the record, including but not limited to Plaintiff's function reports and the consultative examination, concluded that Plaintiff had a moderate limitation in her ability to understand, remember, or

apply information, interact with others, concentrate, persist, or maintain pace, and adapt or manage oneself. AR 23, 74-82. More specifically, Dr. Scott explained that Plaintiff was not limited in understanding, remembering, and carrying out short and simple instructions but was markedly limited in the same abilities with regard to detailed instructions. AR 78-79. He summarized his findings in this regard as follows:

> Although deficits exist, comprehension & memory appear to be adequate for simple tasks. Can comprehend simple instructions that would be given in a work environment. Will have trouble with more delayed or complex instructions. . . . The [claimant] would not require an inordinate level of supervision when performing simple and routine tasks. The [claimant's] symptoms would not prevent the [claimant] from sustaining the mental demands associated with the performance of simple, routine tasks throughout an ordinary workday/workweek.

AR 79, 80.

Social Security regulations provide that an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinions[.]" 20 C.F.R. § 404.1520c(a). Instead, the ALJ need only articulate how persuasive he finds a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). Persuasiveness is determined primarily by an opinion's supportability and consistency, and the ALJ must explain how he considered those factors. 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2). In addition, the ALJ may, but is not required to, discuss other considerations that may bear on the persuasiveness of a medical opinion or prior administrative medical finding, such as the relationship

6

of the source to the claimant, the source's area of specialization, and other factors such as the source's familiarity with the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(b)(2) & (c)(3)-(5). Additionally, the ALJ's overall rationale must be "sufficiently specific" to permit meaningful appellate review. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

In his decision, the ALJ discussed Dr. Chakraburtty's consultative examination, Dr. Eckert's inability to provide an opinion, and Dr. Scott's medical opinion. AR 20, 23. After summarizing Dr. Scott's findings, the ALJ stated the following:

> [Dr. Eckert] independently examined the evidence and opined there was insufficient evidence to determine the severity of the claimant's condition, also noting that she had failed to return forms after multiple attempts to reach her without success . . . . Dr. Scott [] opined that the claimant would retain the mental residual functional capacity to understand and carry out simple instructions but would not interact well with the public. The undersigned finds these opinions to be generally consistent and persuasive with the record, as they were able to review much of the medical evidence. Although neither personally examined the claimant, they all provided specific relevant evidence to support same, including medical signs in their assessment to support same, as well as detailed explanations for same which the undersigned adopts and incorporates into this decision, enhancing the supportability of same. Their opinions are also consistent with each other. Further, their understanding of the disability programs further support the persuasiveness of their opinions. It should be noted, however, that the undersigned has not included any social limitations in the residual functional capacity as the evidence of record, as highlighted above, simply fails to document that the claimant has any consistent or significant difficulties in this area.

AR 23 (citation omitted).

The first problem with the ALJ's reasoning is, as the ALJ states, Dr. Eckert did not provide an opinion. AR 23, 63. Thus, the ALJ's reasoning regarding Dr. Eckert and Dr. Scott's opinions being persuasive because they are consistent with each other and the record is not sound. Next, the ALJ states that he adopted and incorporated their opinions into the RFC, with the exception of social limitations. However, Dr. Scott limited Plaintiff to not only simple tasks but also, simple instructions. AR 79. Indeed, Dr. Scott stated that Plaintiff was markedly limited in her ability to understand detailed instructions. *Id.* However, the ALJ did not include this limitation in his RFC. AR 17.

An ALJ is not required to adopt every limitation in a medical opinion that he finds persuasive. *See Mitchell v. Kijakazi*, No. CIV-21-1087-P, 2022 WL 2764904, at *3 (W.D. Okla. July 15, 2022) ("[A]ccording a medical opinion [persuasive value] does not mean the ALJ must adopt every single aspect of the opinion." (citation omitted)). However, the ALJ must explain the basis for rejecting certain limitations in an opinion he finds persuasive, or the decision must sufficiently include the reasoning for doing so. *See Bradford v. Berryhill*, No. CIV-18-1008-HE, 2019 WL 2388864, at *1-2 (W.D. Okla. June 6, 2019) ("[T]he ALJ was not bound to adopt every limitation included in the medical opinions to which she gave great weight"; affirming because the ALJ sufficiently explained why she adopted a limitation different from those in the subject medical opinions); *cf., Benavidez v. Colvin*, 650

F. App'x 619, 621 (10th Cir. 2016) ("[A]n ALJ cannot, without explanation, adopt some restrictions assessed by a physician and reject others that the physician also assessed.").

Here, the ALJ specifically explained his basis for not adopting Dr. Scott's social interaction limitation. AR 23. Moreover, his decision includes ample discussion of the record to support the ALJ's choice not to do so. AR 18-22. In contrast, the decision does not provide a basis to explain the ALJ's decision to reject Dr. Scott's limitation to simple instructions and his opinion that Plaintiff is markedly limited in her ability to understand, remember, and carry out detailed instructions. Moreover, this error is not harmless as the difference between limitations to simple tasks verses simple instructions is significant, particularly here where the jobs the ALJ identified at step five require reasoning level 2. *See Calvin v. Kijakazi*, No. CIV-21-1046-SM, 2022 WL 3268745, at *4 (W.D. Okla. Aug. 10, 2022) ("Although a limitation to simple *tasks* is consistent with a reasoning level of two, that is not the case for a limitation to simple *instructions*." (citing *C.H.C. v. Comm'r, Soc. Sec. Admin.*, 20-cv-2428-KLM, 2022 WL 950433, at *7 (D. Colo. March 29, 2022) (explaining that "*Hackett* concerned *work tasks*, not *instructions*, and the Court has found no legal authority equating the two for purposes of legal analyses"))).[1]

---

[1] In her Response, Defendant addresses only the ALJ's decision to not adopt Dr. Scott's opinion regarding social limitations. Doc. No. 15 at 5-7. While Plaintiff did not challenge

9

The record may well contain evidence to support the ALJ's RFC limiting Plaintiff to simple tasks but not simple instructions. However, the ALJ's decision lacks any analysis regarding the same and any attempt to guess at the ALJ's reasoning would constitute improper post-hoc analysis. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.") (citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). Accordingly, the Court finds Defendant should review this issue further on remand.[2]

---

the ALJ's failure to explain his rejection of Dr. Scott's simple instructions limitation as clearly or directly as she might have, she did clearly raise the issue in her Opening Brief. Op. Br. at 8-9.

[2] In light of this ruling, it is unnecessary to address the remaining arguments Plaintiff raised on appeal. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## V. Conclusion

Based on the foregoing analysis, the decision of the Commissioner is reversed and remanded for further administrative proceedings consistent with this opinion. Judgment will issue accordingly.

ENTERED this 27th day of September, 2023.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE